UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. |
| SIXTY THOUSAND, FOUR HUNDRED AND SEVENTY-ONE DOLLARS IN U.S. CURRENCY ($60,471.00), | ) ) ) |
| Defendant. | ) |

**VERIFIED COMPLAINT OF FORFEITURE**

COMES NOW, Plaintiff, the United States of America, by and through its attorneys, Sayler A. Fleming, United States Attorney for the Eastern District of Missouri, and Stephen Casey, Assistant United States Attorney, for said district, and for its Verified Complaint for Forfeiture states as follows:

**NATURE OF THE ACTION**

1. This is a civil action *in rem* brought by the United States of America seeking forfeiture of all right, title, and interest in the above-captioned defendant property pursuant Title 21, United States Code, Section 881(a)(6) and Title 18, United States Code, Sections 981(a)(1)(A) and (C).

2. The defendant property was seized by law enforcement on or about August 4, 2020, and is described more fully as sixty thousand, four hundred and seventy-one dollars in U.S. currency ($60,471.00) (the "defendant property").

1

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to Title 28, United States Code, Sections 1345, 1355, and 1395.

4. Venue is proper pursuant to Title 28, United States Code, Section 1355(b)(1)(A) because the acts and omissions giving rise to forfeiture took place in the Eastern District of Missouri.

## STATUTORY FRAMEWORK

5. Title 21, United States Code, Section 881(a)(6) authorizes the civil forfeiture of "all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

6. Title 18, United States Code, Section 1956(a)(1)(A)(i) criminalizes conducting a transaction, including transferring, delivering, or other disposition, knowing that such transaction represents the proceeds of some form of unlawful activity and that in fact involves the proceeds of a specific unlawful activity, including violations of the Controlled Substances Act, with the intent to promote the carrying on of the specified unlawful activity.

7. Title 18, United States Code, Section 1956(a)(1)(B) criminalizes conducting a transaction, including transfer, delivery, or other disposition, knowing that such transaction represents the proceeds of some form of unlawful activity and that in fact involves the proceeds of a specific unlawful activity, including violations of the Controlled Substances Act, knowing that

the transaction is designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity.

8. Pursuant to Title 18, United States Code, Section 981(a)(1)(A), any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956 of Title 18, or any property traceable to such property, is subject to civil forfeiture.

9. Title 18, United States Code, Section 1952 criminalizes traveling in interstate commerce with the intent to distribute the proceeds of any unlawful activity, including a business enterprise involving controlled substances, or otherwise promoting, managing, establishing, carry on, or facilitating the promotion, management, establishment, or carrying on, of such unlawful activity.

10. Pursuant to Title 18, United States Code, Section 981(a)(1)(C), any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1952 is subject to civil forfeiture.

## FACTS GIVING RISE TO THE FORFEITURE

11. Rashod Barnes ("Barnes") is a resident of Belleville, Illinois.

12. In July 2020, a confidential informant ("CS") told agents about an individual known only as "Shad" whom they later identified as Rashod Barnes. The CS explained that Barnes regularly purchased bulk marijuana from the CS for distribution in the St. Louis, Missouri area. The CS was able to provide agents with a telephone number for Barnes.

13. Barnes contacted the CS and advised that he was in possession of bulk U.S. currency and was trying to purchase multiple pounds of high grade marijuana in the St. Louis, Missouri area. At the direction of agents, the CS informed Barnes that he was waiting on a shipment and upon its arrival would contact him with further information.

14. On or about August 4, 2020, at the direction of DEA agents, the CS contacted Barnes utilizing a cellular telephone application. The CS advised Barnes he had just received "the package." During previous dealings between the CS and Barnes, the CS referred to marijuana as "the package." During the conversation between Barnes and the CS, Barnes advised that he was ready to purchase the marijuana.

15. On the same day, DEA agents set up surveillance at the residence of Barnes in Belleville, Illinois. Agents observed Barnes exit his residence and enter a 2016 Gray Mazda ("Mazda") sedan. The Mazda departed the residence and went to another residence.

16. Later that afternoon, at the direction of DEA agents, the CS contacted Barnes and stated he was available and Barnes could head towards the pre-determined meet location. Barnes advised the CS he would be leaving his residence in about twenty minutes.

17. Following the conversation with the CS, the Mazda departed under surveillance by DEA agents. TFO Gregory Degener and TFO Kyle Waddington with DEA Fairview Heights Resident Office pulled Barnes over for a traffic offense in East St. Louis, Illinois.

18. TFO Degener and TFO Waddington approached the vehicle and obtained consent to search the vehicle from the driver Aaron Nunez. Barnes, who was seated in the front passenger seat, exited the vehicle when asked by the agents.

19. A search of the vehicle revealed rubber-banded bulk currency in the amount of $60,471.00.

20. Barnes told the agents that the defendant property was for a vehicle he was going to purchase.

21. Following the traffic stop, agents arranged for a canine "sniff" of the defendant property. The canine provided a positive alert to the defendant property indicating the presence of an odor associated with a controlled substance.

4

22.     On August 5, 2020, at the direction of DEA agents, the CS sent a photograph of marijuana to Barnes utilizing the same cellular phone application. The CS then sent a Wickr message to Barnes referencing the photograph stating: "My guy has these for a deal I'd have to go get them though he said they like the Kong's."

23.     "Kong" is a slang term for a strain of marijuana.

24.     Approximately 37 minutes later, the CS called Barnes via the cellular phone application to discuss the marijuana photograph. During the telephone call, Barnes acknowledged the aforementioned photograph, telling the CS they "look good." Barnes and the CS then discussed prices they could purchase the marijuana for, and for how much they could sell it. The CS, also at the direction of DEA agents, told Barnes that he/she was considering traveling to California to purchase the marijuana, but mentioned it would be risky. Barnes then told the CS: "Everything's worth the risk for me right now. Waiting on my mother fucking money." Shortly after, the telephone call ended.

25.     On August 10, 2020, Special Agent Jarryd Powell, as witnessed by Special Agent Scott Grasshoff, recorded a phone call between Rashod Barnes and the CS. On the call, the CS told Barnes he/she would have more marijuana for sale, referring to it as "cookies, tops and runtz." The CS indicated to Barnes he/she would have all of it later in the day. Barnes told the CS to let him know when it was ready. The transaction never took place.

### COUNT ONE – FORFEITURE
### 21 U.S.C. § 881(a)(6)

26.     The United States incorporates by reference the allegations set forth in Paragraphs 1 to 25 above as if fully set forth herein.

27.     The defendant property is bulk U.S. currency that was discovered by law enforcement officers in a bundle, wrapped in rubber bands, in denominations and a manner that is consistent with drug trafficking.  Barnes has a criminal history related to narcotics possession.

Also, a certified narcotics canine alerted positively to the presence of a controlled substance on the defendant property.

28.     Based on the foregoing, the defendant currency is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6) as money furnished or intended to be furnished in exchange for a controlled substance, as proceeds traceable to such an exchange, and as money to be used to facilitate a violation of the Controlled Substances Act.

## COUNT TWO – FORFEITURE
## 18 U.S.C. § 981(a)(1)(A)

29.     The United States incorporates by reference the allegations set forth in Paragraphs 1 to 25 above as if fully set forth herein.

30.     The defendant currency is proceeds of an unlawful activity involving controlled substances and was transported by Nunez and Barnes with the intent to promote the carrying on of, and to conceal or disguise the nature, location, source, ownership or control of, a specified unlawful activity.

31.     Based on the foregoing, the defendant currency is subject to forfeiture, pursuant to Title 18, United Stated Code, Section 981(a)(1)(A) as property involved in a transaction or attempted transaction in violation of Title 18, United States Code, Section 1956, or as property traceable to such property.

## COUNT THREE – FORFEITURE
## 18 U.S.C. § 981(a)(1)(C)

32.     The United States incorporates by reference the allegations set forth in Paragraphs 1 to 25 above as if fully set forth herein.

33.     The defendant currency is proceeds of an unlawful activity involving controlled substances that travelled with Barnes in interstate commerce with the intent to distribute it, and

otherwise promote, manage, establish, carry on, or facilitate the promotion, management, establishment, or carrying on, of an unlawful activity involving controlled substances.

34. Based on the foregoing, the defendant currency is subject to forfeiture, pursuant to Title 18, United Stated Code, Section 981(a)(1)(C) as property that constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 1952.

## PRAYER FOR RELIEF

WHEREFORE, the United States of America prays that a Warrant for Arrest be issued in rem for the defendant currency and the defendant currency be condemned and forfeited to the United States of America, in accordance with the provisions of law; and that the United States of America be awarded its costs in this action, and have such other relief as provided by law and the nature of the case may require.

Respectfully submitted,

SAYLER A. FLEMING
United States Attorney


*/s/ Stephen Casey*
STEPHEN CASEY, #58879(MO)
Assistant United States Attorney
111 South 10th Street, Suite 20.333
Saint Louis, Missouri 63102
Telephone:	(314) 539-2200
Stephen.Casey3@usdoj.gov

## VERIFICATION

I, Tyler Fox, hereby verify and declare under penalty of perjury that I am a Special Agent with the Drug Enforcement Administration, that I have read the foregoing Verified Complaint and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent with the Drug Enforcement Administration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: __8/31/21__
(date)

TYLER FOX
Special Agent
Drug Enforcement Administration